**Daniel R. IZZO, Plaintiff–Appellant,**

v.

**CITY OF SYRACUSE, et al, The Assessor of Syracuse, The Director of the Division of Code Enforcement of Syracuse, Defendants,**

**CITY OF SYRACUSE, Defendant–Appellee.**

No. 00–9157.

United States Court of Appeals, Second Circuit.

June 8, 2001.

Daniel R. Izzo, Syracuse, NY, for plaintiff-appellant. John G. Stone, Senior Assistant Corporation Counsel for Frederick R. Guy, Esq., Corporation Counsel for the City of Syracuse, Syracuse, NY, for defendant-appellee.

Present WINTER, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

### I. BACKGROUND

In May 1998, Daniel R. Izzo ("plaintiff"), filed a § 1983 lawsuit against the City of Syracuse and several of its Offices and Departments (collectively "the City") alleging that the City had violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by engaging in unconstitutional practices in connection with its assessment of taxes and enforcement of housing codes against several properties plaintiff owned in the City. Plaintiff claimed that the City had over-valued his properties, selectively enforced tax assessments and building codes against his properties, illegally entered his properties, and defamed him by posting a "slum property sign" on the properties. Plaintiff contended that he suffered anxiety, humiliation,

and mental anguish, as well as other damages as a result of the City's actions. He sought $100,000 in compensatory damages, $50,000 in what he termed "general damages," and $50,000 in punitive damages.

After plaintiff's separate motion seeking a temporary restraining order enjoining the City from seizing and selling his properties to recover delinquent taxes was denied by the district court,[1] plaintiff moved the district court to amend his complaint. The district court denied this motion without prejudice to refiling, and in June 1999, plaintiff moved a second time to amend. The City opposed this motion, and the district court advised the parties that the City's opposition would be treated as a motion to dismiss plaintiff's complaint. After both sides briefed this motion to dismiss, the district court (Scullin, *C.J.*) adopting the report and recommendation of Sharpe, (*Magistrate Judge* ) dismissed plaintiff's complaint with prejudice on all counts.

## II. DISCUSSION

Plaintiff, proceeding *pro se* and *in forma pauperis,* now appeals the district court's dismissal of his lawsuit. On appeal, plaintiff reiterates frivolous arguments and conclusory assertions that were properly rejected below. Accordingly, having reviewed all of plaintiff's claims and found them to be without merit, we AFFIRM the judgment of the district court.

---

1. This denial was affirmed by our Court in an order, dated February 26, 1999, characterizing plaintiff's appeal as "frivolous within the meaning of 28 U.S.C. § 1915(e)."